UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | |
|---|---|
| ADRIAN CARLTON #160330, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-145 |
| ) | |
| v. ) | HON. RICHARD ALAN ENSLEN |
| ) | |
| J. BOUCHARD, ) | |
| ) | **OPINION** |
| Defendant. ) | |
| _____) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Adrian Carlton, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Librarian J. Bouchard. Plaintiff alleges in his complaint that Defendant improperly refused to allow any talking in the library, and forced Plaintiff to sit by himself in the front of the law library. Plaintiff claims that Defendant's conduct was retaliatory and was motivated by a desire to discriminate against Plaintiff because he is a homosexual. Plaintiff seeks compensatory, punitive and exemplary damages, as well as declaratory and injunctive relief.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his complaint, Plaintiff claims that he showed Defendant a grievance he planned to file on Defendant for enforcing a no talking rule in the law library. Plaintiff states that Defendant retaliated against him by forcing Plaintiff to sit by himself in the front of the library. Retaliation

based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, the plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Hall v. Nusholtz*, No. 99-2442, 2000 WL 1679458, at *2 (6th Cir. Nov. 1, 2000); *Burton v. Rowley*, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000). However, the alleged conduct in this case is not sufficiently adverse to rise to the level set forth in *Thaddeus-X*. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness;" the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 603-04 (6th Cir. 2002). Merely requiring Plaintiff to sit by himself at the front of the law library is not the type of conduct which is capable of deterring a person of ordinary firmness from filing grievances. Therefore, the Court finds that Plaintiff's First Amendment retaliation claim is properly dismissed.

Plaintiff contends that he is being treated differently by Defendant because he is openly homosexual. The Equal Protection Clause of the Fourteenth Amendment provides that a state

may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. He merely states that he is being treated differently because he is homosexual. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).

In the third step grievance response on this issue, which Plaintiff attaches as an exhibit to his complaint, the reviewer notes:

> The grievant was properly informed that PD 05.03.115 "Law Libraries" requires the law library to be free from noise and other distractions. The record indicates that the grievant had been given numerous warnings regarding socializing in the law library. There is no evidence to indicate that the librarian's actions were based on the grievant's sexual orientation rather than the grievant's loud and disruptive behavior in the library. The grievant has not shown a violation of policy. Based on the finding, we deny the grievance appeal.

(See Third Step Grievance Resp. for AMF-05-01-00186-17a, dated Apr. 26, 2005.) Nowhere in Plaintiff's complaint does he allege any facts showing that Defendant was biased against him because of his homosexuality. Therefore, Plaintiff's equal protection claim is properly dismissed.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
July 19, 2005   RICHARD ALAN ENSLEN
   UNITED STATES DISTRICT JUDGE